UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN RE: SUBPOENA TO JORGE A. LOPEZ,**
Movant.

Case No. ________________ (Misc.)
______________________________/

Case No. 2:23-cv-03130 MEMF PD
Pending in the United States District Court
for the Central District of California

**Ancillary to:**

MSP RECOVERY CLAIMS, SERIES LLC; MSPA CLAIMS 1, LLC;
and MSP RECOVERY CLAIMS PROV, SERIES LLC,

Plaintiffs,
v.

AMGEN INC.; ONYX PHARMACEUTICALS, INC.; ONYX THERAPEUTICS, INC.; and CHRONIC DISEASE FUND, INC. d/b/a GOOD DAYS,

Defendants.
______________________________________________/

**JORGE A. LOPEZ'S MOTION TO QUASH OR MODIFY SUBPOENA TO TESTIFY AT A DEPOSITION AND INCORPORATED MEMORANDUM OF LAW**

**CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(3)**

Undersigned Movant certifies that, prior to the filing of this Motion, Movant conferred in good faith with counsel for Defendants Amgen Inc., Onyx Pharmaceuticals, Inc., and Onyx Therapeutics, Inc. ("Defendants") in an effort to resolve the issues raised herein without court intervention. Specifically, on August 3, 2026, Movant spoke by telephone with Defendants' counsel to inquire as to the scope of the proposed deposition topics and was advised only that the anticipated examination would relate generally to the Plaintiffs' business operations. Movant separately asked Defendants' counsel to discuss with Defendants the option of reaching an

agreement to compensate Movant at his current professional hourly rate as reasonable compensation for preparation and attendance at the deposition. On August 12, 2026, Movant sent Defendants' counsel a follow up email re-iterating his inquiries during the August 3rd telephone call. As of the filing of this Motion, Defendants have not provided any further clarification of the scope of the proposed examination, nor have they responded to Movant's request for reasonable compensation. The parties have therefore been unable to resolve the pending issues, and judicial intervention is necessary.

## I. INTRODUCTION

Movant, Jorge A. Lopez ("Mr. Lopez"), respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 45(d)(3), to quash or modify the Subpoena to Testify at a Deposition (the "Subpoena") served on him by Defendants Amgen Inc., Onyx Pharmaceuticals, Inc., and Onyx Therapeutics, Inc. (collectively, "Defendants") in connection with the above-captioned action pending in the United States District Court for the Central District of California, Case No. 2:23-cv-03130 MEMF PD (the "Underlying Action"). Because Mr. Lopez resides and regularly transacts business in Miami-Dade County, Florida, compliance with the Subpoena is required within this district, and this Motion is filed with this Court pursuant to Rule 45(d)(3)(A). This Motion is timely, as it is filed well in advance of the currently scheduled August 27, 2026 deposition date.

As set forth below, the Subpoena should be quashed, or, in the alternative, modified to (i) require Defendants to identify, in advance and with reasonable specificity, the topics and areas of inquiry to be covered, consistent with the practice followed in over thirty prior depositions in which Mr. Lopez served as Plaintiffs' designated 30(b)(6) corporate representative, and (ii) condition Mr.

Lopez's appearance on payment of reasonable compensation at his current professional hourly rate for time reasonably spent preparing for and attending the deposition.

## II. BACKGROUND AND RELEVANT FACTS

1. On July 29, 2026, Mr. Lopez was served with a subpoena pursuant to Rule 45 commanding his appearance at a deposition originally noticed for July 31, 2026. At Mr. Lopez's request, and following discussions with Defendants' counsel, it was agreed that the deposition would be re-scheduled to August 27, 2026, as reflected in the operative Subpoena dated August 7, 2026, attached hereto as Exhibit A.

2. Mr. Lopez is a former employee of MSP Recovery, LLC ("MSP"), the entity that served as the Plaintiffs' exclusive information, data, and servicing consultant. Mr. Lopez was employed by MSP as its general/senior corporate counsel from April 2015 through December 18, 2025.

3. During his more than ten years of employment with MSP, Mr. Lopez was designated on more than thirty occasions as a corporate representative under Federal Rule of Civil Procedure 30(b)(6) (or the analogous state-court rule) to testify on MSP's behalf in litigation involving MSP's business and related Plaintiff entities, both at deposition and at trial. In each instance, Mr. Lopez received, well in advance of his testimony, a defined list of topics and the scope of examination, which allowed him a meaningful opportunity to prepare. True and correct copies of topic descriptions from deposition notices served in two prior cases involving MSP are attached hereto as Exhibit B, illustrating the scope and specificity Mr. Lopez has customarily received before being required to testify regarding MSP's business.

4. On December 18, 2025, MSP furloughed substantially all of its employees, including Mr. Lopez, retaining only a small number, estimated at five to ten individuals, to assist with pending Company matters. Upon information and belief, MSP effectively ceased normal business

operations shortly thereafter. Mr. Lopez has not been employed by MSP, nor affiliated in any capacity with the Company, since his furlough and he has no continuing access to MSP's files, records, or privileged communications concerning this or any other matter.

5. Mr. Lopez has been a member in good standing of The Florida Bar since 1986. Since January 2026, following his furlough, Mr. Lopez has re-entered the private practice of law as a sole practitioner in Coral Gables, Florida, representing individuals and businesses in transactional and civil matters. Mr. Lopez's current professional hourly rate is $850.00. A copy of Mr. Lopez's curriculum vitae is attached hereto as Exhibit C.

6. Unlike in his prior appearances as MSP's designated corporate representative, Mr. Lopez has been subpoenaed here in his individual, non-party capacity. During a brief telephone conference on August 3, 2026, counsel for Defendants advised only that the examination would relate generally to MSP's and/or Plaintiffs' operations and business development. Mr. Lopez has received no defined topic list, no estimate of the anticipated length of examination, and no indication of the specific subject matter or scope of inquiry Defendants intend to pursue. Mr. Lopez separately requested that Defendants agree to compensate him at his current professional hourly for appearing at the deposition; Defendants have not responded to that request.

7. Given his former role as MSP's senior in-house counsel, a substantial portion of Mr. Lopez's personal knowledge concerning MSP's operations and business development was acquired in the course of, and is inseparable from, his provision of legal advice to MSP and its related entities. Without a defined scope of examination, Mr. Lopez cannot meaningfully assess, prepare for, or timely assert the attorney-client privilege and work-product protections to which MSP, not Mr. Lopez, holds the right, as required by Rule 45(e)(2)(A).

## III. LEGAL STANDARD

Rule 45(d)(1) requires a party or attorney responsible for issuing and serving a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and authorizes the Court to impose sanctions, including lost earnings and attorney's fees, for a party's failure to do so. Fed. R. Civ. P. 45(d)(1).

Rule 45(d)(3)(A) requires the Court for the district where compliance is required, on timely motion, to quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires compliance beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter where no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i), (ii), (iii), (iv).

Whether a subpoena imposes an undue burden requires the Court to balance the interests served by compelling compliance against the interests furthered by quashing or modifying the subpoena, including the relevance and particularity of the information sought, the requesting party's need for it, the availability of the information from other, less burdensome sources, and, given "special weight" in this analysis, the burden imposed on a non-party who has no stake in the underlying litigation.

Finally, Rule 45(d)(3)(C) provides that in the circumstances involving the protections described in Rule 45(d)(3)(B), the Court may order compliance under specified conditions rather than quashing the subpoena outright, provided the serving party, (i) shows a substantial need for the testimony that cannot otherwise be met without undue hardship, and (ii) ensures that the subpoenaed person will be reasonably compensated. Fed. R. Civ. P. 45(d)(3)(C).

## IV. ARGUMENT

### A. The Subpoena Should Be Quashed, or Its Scope Defined, Because Its Undefined Scope Both Imposes an Undue Burden and Creates an Unreasonable Risk of Eliciting Privileged Information

An open-ended instruction to testify about a former employer's "business operations and/or business development," without specifying any defined topic(s) or time period, does not give Mr. Lopez, or this Court, any meaningful way to evaluate the burden the Subpoena imposes or the privilege issues it raises. That is precisely the deficiency Rule 45(d)(3)(A)(iv) is designed to address. Mr. Lopez testified in more than thirty depositions during his employment with MSP, and in each instance, he was afforded a defined list of topics in advance. See Ex. B. That practice was not a courtesy; it was what allowed Mr. Lopez, the Plaintiffs and counsel to identify in advance which subjects called for privileged legal advice and which did not, and to prepare a witness capable of giving complete, accurate testimony within a known scope. Defendants' vague, generalized description of the anticipated examination, offered only after Mr. Lopez requested clarification, affords none of those safeguards.

The stakes of that ambiguity are not merely administrative. As MSP's senior corporate counsel for more than a decade, Mr. Lopez's personal knowledge of MSP's business development and operations is, in substantial part, knowledge acquired through, and inseparable from, the legal advice he gave to and received on behalf of MSP and its affiliated entities. The attorney-client privilege and work-product protection over that advice belong to MSP, not to Mr. Lopez, and Mr. Lopez remains obligated to assert them on MSP's behalf notwithstanding his furlough. Rule 45(e)(2)(A) requires that any such claim be made expressly and described with enough particularity to allow the claim to be assessed, an obligation that cannot responsibly be discharged

in real time, question by question, against an undefined subject-matter mandate covering a decade of in-house legal and business work.

For these reasons, the Subpoena should be quashed under Rule 45(d)(3)(A)(iii) and (iv). In the alternative, the Court should modify the Subpoena to require Defendants to serve, no later than seven (7) days before any deposition, a written statement of the specific topics and time period to be examined, consistent with the practice Mr. Lopez followed throughout his employment with MSP, so that any necessary privilege review and assertion can occur in an orderly fashion before, rather than during, the deposition.

### B. Existing, Available Deposition Transcripts Provide Defendants a Less Burdensome, Equally Effective Alternative to Mr. Lopez's Renewed Testimony

The undue-burden analysis under Rule 45(d)(3)(A)(iv) requires the Court to weigh whether the information sought is reasonably available from another, less burdensome source. Mr. Lopez has already testified, under oath, as MSP's designated corporate representative in numerous prior actions concerning MSP's business, including its formation, operations, and commercial practices. Those transcripts already exist, are equally accessible to Defendants, and, unlike a fresh, undefined examination of a non-party who no longer has access to MSP's files or personnel, reviewing those transcripts impose no undue hardship on the Defendants whatsoever. To the extent Defendants seek information of the general character already covered in that prior testimony, requiring Mr. Lopez to sit for a new, open-ended deposition is neither necessary nor proportional, and the burden imposed on him is disproportionate to any incremental benefit to Defendants.

### C. In the Alternative, Any Order Compelling Mr. Lopez's Appearance Should Condition Compliance on Payment of Reasonable Compensation at His Current Professional Rate

Should the Court determine that Defendants have a substantial need for Mr. Lopez's testimony that cannot otherwise be met without undue hardship, Rule 45(d)(3)(C) authorizes, and the circumstances here warrant, an order conditioning Mr. Lopez's appearance on reasonable compensation. Mr. Lopez is a non-party with no stake in the outcome of the Underlying Action. He no longer receives any compensation, salary, or other benefit from MSP, and his appearance would require him to divert time from his current sole law practice, which he has spent the past several months rebuilding after more than a decade away from private practice. His time has genuine, demonstrable market value, reflected in his current professional hourly rate of $850.00, a rate he actively charges paying clients in his practice today. Under these circumstances, a non-party witness with no stake in the litigation, a significant time commitment, demonstrable value to the requesting party, and a burden disproportionate to any benefit Mr. Lopez himself derives from the proceeding, reasonable compensation at Mr. Lopez's current professional rate for time spent preparing for and attending the deposition is warranted.

This is not a request for expert witness compensation, and Mr. Lopez does not contend that he is being offered, nor should be treated, as a retained or designated expert under Rule 26(a)(2). Rather, the matter reflects the reality that Mr. Lopez's status as a busy, currently practicing attorney, called upon to divert substantial time to a matter in which he has no interest, and this is precisely the type of circumstance Rule 45(d)(1) and (d)(3)(C) were designed to address.

## V. <u>CONCLUSION AND PRAYER FOR RELIEF</u>

For the foregoing reasons, Movant Jorge A. Lopez respectfully requests that this Court enter an order: (a) quashing the Subpoena to Testify at a Deposition served on Mr. Lopez; or, in the alternative, (b) modifying the Subpoena to require Defendants to serve a written statement of the specific topics and time period to be examined no later than seven (7) days before the

deposition; and (c) to the extent the Court finds that Defendants have shown a substantial need for Mr. Lopez's testimony that cannot otherwise be met without undue hardship, conditioning Mr. Lopez's appearance on payment by Defendants of reasonable compensation, at Mr. Lopez's current professional hourly rate of $850.00, for time reasonably spent preparing for and attending the deposition, together with the costs of filing this motion and such other and further relief as the Court deems just and proper.

## VI. ROLE OF JANPAUL PORTAL, ESQUIRE AS LOCAL COUNSEL

Movant, Jorge A. Lopez, was admitted to the Bar of the U.S. District Court for the Southern District of Florida on March 30, 1990, and is currently a member in good standing. However, Mr. Lopez does not regularly practice before this Court and is not a registered user of the CM/ECF system. Therefore, he does not possess the electronic filing credentials and login password required to submit documents or to file this motion online. Movant has requested the assistance of Janpaul Portal, Esquire for the limited and exclusive purpose of serving as local counsel to file this Motion for the Movant.

Dated: August 19, 2026

Respectfully submitted,

*/s/ **Jorge A. Lopez***
Jorge A. Lopez, Movant, Pro Se
1421 Sopera Avenue
Coral Gables, FL 33134
Telephone: 305-431-4271
Email: JLopez@LopezLegal.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2026, a true and correct copy of the foregoing was served via electronic mail and/or CM/ECF on all counsel of record, including Christopher M. Assise, Sidley Austin LLP, 830 Brickell Plaza, Miami, FL 33131, cassise@sidley.com, counsel for Defendants Amgen Inc., Onyx Pharmaceuticals, Inc., and Onyx Therapeutics, Inc.

*/s/ Janpaul Portal, Esquire*
Janpaul Portal, Esq., as Local Counsel
**MSP Recovery Law Firm**
3525 Northwest 7th Street
Miami, FL 33125
Telephone: 305-614-2222
Email: jportal@msprecoverylawfirm.com